UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL ACTION** |
| v. | NO. 19-108 |
| **SPENCER ROUNDS** | SECTION I |

### ORDER & REASONS

Before the Court are two motions in limine: (1) a motion to allow authentication of and introduction of wiretap recordings through the testimony of case agents by the United States,[1] and (2) a motion to permit an agent to provide lay opinion testimony regarding pertinent drug code by the United States.[2] Defendant Spencer Rounds has also filed a memorandum in opposition to the government's notice of intent to offer 404(b) evidence at trial.[3] The first motion is unopposed. The second motion was opposed by defendant Hakeam Drane,[4] but as he has since pleaded guilty[5] his opposition is now moot.[6]

As the United States' motions are unopposed, and further, as the Court finds they have merit,[7] the motion to permit authentication of wiretap recordings through

---

[1] R. Doc. 184.
[2] R. Doc. 185.
[3] R. Doc. 204.
[4] R. Doc. 199.
[5] R. Doc. 211.
[6] *See, e.g.*, *United States v. Bell*, 966 F.2d 914, 915 (5th Cir. 1992) ("It is well settled that by entering a plea of guilty, a defendant ordinarily waives all non-jurisdictional defects in the proceedings below.").
[7] For the former motion, *see United States v. Green*, 324 F.3d 375, 380 (5th Cir. 2003) (finding that a district court did not abuse its discretion in permitting case agents to testify as to the authenticity of the wiretaps). For the latter motion, *see United States v. Macedo-Flores*, 788 F.3d 181, 192 (5th Cir. 2015) ("our case law also allows [an agent] to testify to his lay opinion regarding the meaning of code words used in an investigation for which he is the lead investigator.").

the testimony of case agents[8] and the motion to permit an agent to provide lay opinion testimony regarding pertinent drug code[9] are **GRANTED**.[10] The Court defers consideration of the memorandum in opposition to the government's notice of intent to offer 404(b) evidence at trial[11] until the day of trial. Accordingly,

**IT IS ORDERED** that the motion to permit authentication of wiretap recordings through the testimony of case agents[12] and the motion to permit an agent to provide lay opinion testimony regarding pertinent drug code[13] are **GRANTED**.

**IT IS FURTHER ORDERED** that any decision with respect to the 404(b) evidence the government intends to introduce at trial[14] shall be **DEFERRED UNTIL TRIAL**.

New Orleans, Louisiana, May 13, 2022.

*[signature]*

**LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE**

---

[8] R. Doc. 184.
[9] R. Doc. 185.
[10] However, the Court will discuss appropriate parameters for the testimony of case agents related to both motions at trial and Rounds' counsel may make any objections to such testimony at trial.
[11] R. Doc. 204.
[12] R. Doc. 184.
[13] R. Doc. 185.
[14] R. Doc. 204.